BEFORE THE THIRD DIVISION, JANUARY 26, 1950

**No. 53988.**—Almo Candy Co. et al. *v.* United States, protests 129089–K, etc. (New York).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 53989.**—Hide Trading Corp. *v.* United States, protest 136990–K (New York).

EKWALL, Judge: This case relates to the dutiable classification of what is described on the invoice as uncombed rabbit hair imported from Holland. Duty was assessed thereon under the provision for waste, at 7½ percent ad valorem under paragraph 1555 of the Tariff Act of 1930, as modified by trade agreements with Canada, the United Kingdom, and Mexico, respectively. (T. D. 49752, T. D. 49753, and T. D. 50797.) It is claimed to be free of duty under paragraph 1688 of the same law which provides free entry for "Hair of horse, cattle, and other animals, cleaned or uncleaned, drawn or undrawn, but unmanufactured, not specially provided for." By timely amendment an additional claim is made for free entry under paragraph 1681 of the same act, as modified, which covers furs and fur skins, not specially provided for, undressed.

Counsel have submitted the case upon the following stipulation:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and checked FAS (Examiner's initials) by Examiner F. A. Stubbe (Examiner's name) on the invoices covered by the protest noted above, and assessed with duty at 7½% under paragraph 1555 of the Tariff Act of 1930, as modified by the trade agreement with United Kingdom (T. D. 49753), consist of rabbit hair similar in all material respects to the merchandise the subject of *W. Fein & Sons* v. *United States,* Abstract 53024, wherein the merchandise was held to be free of duty under paragraph 1681 of the Tariff Act of 1930.

IT IS FURTHER STIPULATED AND AGREED between the parties hereto, that the record in Abstract 53024 be incorporated and made a part of the record in the protest enumerated above, and that the protest be deemed submitted on this stipulation; the protest being limited to the items marked with the letter "A" as aforesaid.

Plaintiff waives the right to first docket call and further amendment of this protest.

In the case cited, the merchandise was assessed at 27½ percent ad valorem under paragraph 1520 of the same act, as modified by the Belgian Trade Agreement (T. D. 47600), as "Hatters' furs, or furs not on the skin, prepared for hatters' use, including fur skins carroted." The claims there presented by the protest were the same as in the case at bar. The question of the applicability of paragraph 1555, *supra,* was not raised or passed upon in that case. Moreover, the collector's letter of transmittal in the decided case admitted error. The collector's letter here involved states that no reason was found to modify the classification as waste, not specially provided for. The decision cited is not controlling of the issue here presented, i. e., whether the merchandise is properly dutiable as waste, or free of duty under the provisions of the statute cited.

Judgment will be rendered for the defendant.

**No. 53990.**—Stern Fabrics Corp. et al. *v.* United States, protests 61283–K, etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.